UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SAMER L. DANIAL,                                   :
                        Plaintiff,                 :
                                                   :
v.                                                 :           **MEMORANDUM DECISION**
                                                   :
BRIAN PATRICK LANGENBACH (d/b/a                    :           12 CV 2983 (VB)
"LAND CORP OF ARIZONA, INC.") and                  :
SHERILYNN BARBARA LANGENBACH,                      :
husband and wife,                                  :
                        Defendants.                :
--------------------------------------------------------------x

Briccetti, J.:

        Before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation

("R&R"), dated August 8, 2014 (Doc. #27), on pro se plaintiff Samer L. Danial's motion for

entry of default and for a default judgment against pro se defendants Brian and Sherilynn

Langenbach.  (Doc. #26).  Judge Smith recommended the Court (i) direct the Clerk to enter

default against both defendants pursuant to Fed. R. Civ. P. 55(a); (ii) grant a default judgment

against Mr. Langenbach in the amount of $965,361.18 pursuant to Fed. R. Civ. P. 55(b); and (iii)

sua sponte dismiss plaintiff's complaint as against Ms. Langenbach under Fed. R. Civ. P.

12(b)(6).

        Plaintiff timely objected to the R&R.  (Doc. #28).  Defendants filed no objections.[1]

        For the following reasons, the Court adopts the R&R in its entirety.  Accordingly, the

Clerk is instructed to enter default against both defendants; the Court grants plaintiff a default

---

[1]     A copy of the R&R was mailed to defendants at the address listed on the docket.  The
R&R was returned, however, marked, "Return to Sender" and "Unable to Forward."  As
explained in the R&R, it is clear that defendants have failed to comply with their duty to inform
the Court of any change of address.

judgment against Mr. Langenbach in the amount of $965,361.18; and plaintiff's claims against

Ms. Langenbach are dismissed.

Familiarity with the factual and procedural background of this case is presumed.

I.    Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge."  28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and

recommendation, but they must be "specific[,] written," and submitted within fourteen days after

being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C.

§ 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district

court reviews the parts of the report and recommendation to which the party objected under a

de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The

district court may adopt those portions of the recommended ruling to which no timely objections

have been made, provided no clear error is apparent from the face of the record.  See Wilds

v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).  The clearly erroneous

standard also applies when a party makes only conclusory or general objections, or simply

reiterates his original arguments.  See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y.

2008).  As plaintiff is proceeding pro se, this Court "will 'read [his] supporting papers liberally,

and . . . interpret them to raise the strongest arguments that they suggest.'"  Id. (quoting Burgos

v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

II.     <u>Plaintiff's Objections</u>

Plaintiff raises two objections to the R&R.  First, plaintiff objects to the R&R insofar as it recommended dismissing his claims against Ms. Langenbach.  Second, plaintiff contends he is entitled to $999,103.00 in damages—not $965,361.18, as Judge Smith recommended.

Plaintiff's objections are without merit.

In substance, the complaint asserts breach of contract claims under Arizona law against Mr. Langenbach.  Plaintiff seeks to hold Ms. Langenbach liable under Section 44-2031(c) of the Arizona Revised Statutes, which allows the Arizona Corporation Commission to "join the spouse in any action authorized by this chapter to determine the liability of the marital community." A.R.S. § 44-2031(c).  As Judge Smith correctly concluded, this statute does not provide a basis for holding Ms. Langenbach liable in this case because (i) this is a breach of contract action, not an action under Chapter 12 of Title 44 of the Arizona Revised Statutes (which addresses the sale of securities), and (ii) only the Arizona Corporation Commission has standing to "join the spouse" under Section 44-2031.  (R&R at 15).

Judge Smith also correctly recommended the Court limit plaintiff's damages to $965,361.18, which is the amount demanded in the complaint.  <u>See</u> Fed. R. Civ. P. 54(c) ("A default judgment must not . . . exceed in amount, what is demanded in the pleadings.").

Accordingly, the Court denies plaintiff's objections to the R&R.  The Court has reviewed the remainder of the R&R and finds no error, clear or otherwise.

## CONCLUSION

For the reasons set forth above, the Court denies plaintiff's objections to Judge Smith's thorough and well-reasoned R&R, and adopts the R&R in its entirety.

Plaintiff's motion for entry of default against defendants is GRANTED.

Plaintiff's motion for entry of a default judgment against Brian Langenbach is GRANTED.

Plaintiff's motion for entry of a default judgment against Sherilynn Langenbach is DENIED, and the Court sua sponte dismisses plaintiff's claims against her.

The Clerk is instructed to:

1.      Terminate the motion (Doc. #26);

2.      Enter defaults against both defendants;

3.      Enter a default judgment against Brian Patrick Langenbach in the amount of $965,361.18;

4.      Dismiss Sherilynn Barbara Langenbach as a defendant; and

5.      Close this case.

Dated:  October 10, 2014
        White Plains, NY

                                SO ORDERED:

                                _____
                                Vincent L. Briccetti
                                United States District Judge

4